(No. 82-CC-0317—

MICHAEL J. BLANEY AND SUSAN BLANEY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 23, 1984.*

*Order on motion for reconsideration filed April 3, 1984.*

KATZMAN & ASSOCIATES, for Claimants.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss said cause and Claimants' response to said motion.

The incident for which this claim was filed took place on August 25, 1979, at approximately 4:00 p.m., at Hazlett State Park, County of Madison, State of Illinois, which is at Carlyle Lake.

On February 5, 1981, a settlement draft was issued to Michael Blaney for loss dated August 25, 1979, in payment of "final settlement of any and all claims" and was issued on behalf of the insured, Carlyle Sailing Association *et al.*, said amount of payment being $1,500.00.

Attached to Respondent's motion to dismiss was a copy of a release of all claims, exhibit No. 4, where the Claimants, Michael J. Blaney, and his wife, Susan B. Blaney, both of whom are attorneys, signed the release, wherein they agreed that:

"They do hereby release, acquit and forever discharge Carlyle Sailing Association/Continental Casualty Company and all other persons, firms and corporations who might be liable of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from accident that occurred on or about the 25th day of August, 1979, at or near Alton, Illinois."

It is Respondent's contention that although the State of Illinois was not specifically named in the release, when Claimants accepted the settlement draft and signed the same, they in fact accepted settlement from the State of Illinois and, accordingly, the State was released.

Claimants, in their response to Respondent's motion to dismiss, set forth that the State of Illinois and Carlyle Sailing Association were each liable in their own right for the injuries of the Claimants and that at no time did Carlyle Sailing Association by and through its insurance agent represent to Claimants that it represented the State of Illinois. Claimants further state that the document relied on for the Respondent's motion to dismiss was not intended by the parties to release the State of Illinois

from the claim of Claimants but rather was intended only to be a promise not to sue Carlyle Sailing Association, and therefore the motion to dismiss should be denied.

The lease agreement between the State of Illinois and Carlyle Sailing Association, Inc., provided, on page 11 under subtitle insurance, that the concessionaire agreed to provide comprehensive general and public liability insurance and that "the policies shall name the State of Illinois, Department of Conservation, and the concessionaire as named insured." This was done as shown in exhibit No. 2-2.

It is the State's contention that the release of one joint feasor is a release of all joint feasors. Exhibit No. 2-2 refers to "approximately 20 acres, Eldon Hazlet State Park, Carlyle Lake, Illinois" and under "Name of Person or Organization (Additional Insured)" is listed as follows:

"State of Illinois
Department of Conservation
Division of Land & Historic Sites
901 S. Spring Street
Springfield, IL 62706"

It is the Court's opinion that the release, signed by Claimants, which specifically discharged "Carlyle Sailing Assoc./Continental Casualty Co. and all other persons, firms and corporations who might be liable of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services . . ." when the accident occurred on the 25th day of August 1979, was sufficiently broad to release Respondent.

Respondent's motion to dismiss is granted and this cause is dismissed.

## ORDER ON MOTION FOR RECONSIDERATION

This matter comes before the Court upon motion of

Claimants to reconsider an order of dismissal entered by this Court on January 23, 1984, and Respondent's objections to said motion.

The Court is of the opinion that the Court's order of dismissal was correct; therefore, Claimants' motion of reconsideration is denied and this cause remains dismissed.